UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY MOORE, ET AL.                               CIVIL ACTION

VERSUS                                               NO: 20-0217

MW SERVICING, LLC, ET AL.                            SECTION: T(5)

## ORDER

      Before the Court is a Motion to Dismiss Unjust Enrichment Claims for Failure to State a Claim,[1] filed by Defendants MW Servicing, LLC, WBH Servicing, LLC, and Joshua Bruno ("Defendants"). Brittany Moore, Dmitry Feller, Jada Eugene, and Christopher Willridge ("Plaintiffs") have filed an opposition.[2] Defendants subsequently filed a reply.[3] For the following reasons, the Motion is **GRANTED**, and Defendants' initial motion is declared **MOOT**.[4]

## FACTS AND PROCEDURAL HISTORY

      This dispute involves allegations of unpaid wages in violation of the Fair Labor Standards Act ("FLSA")[5] and the Louisiana Wage Payment Act ("LWPA").[6] In November 2019, Plaintiff Moore started working as an Assistant Property Manager of the Oakmont Apartments, a multi-unit complex owned and operated by Defendants. Plaintiff resigned a month later citing understaffing and unsafe conditions at the complex. Plaintiff claims she never received her final paycheck despite repeated procurement efforts. This suit followed, with three additional plaintiffs joining shortly thereafter alleging, *inter alia*, that they too did not receive a final paycheck.[7]

---

[1] R. Doc. 24.
[2] R. Doc. 33.
[3] R. Doc. 38.
[4] This is one of two identical motions filed by Defendants. The first [R. Doc. 19] was filed April 2, 2020. Upon filing, an outstanding motion for leave to add Bruno, Inc. had not yet been granted. Defendants re-filed this motion [R. Doc. 24] on April 10, 2020, "out of an abundance of caution." Thus, this order dispenses with both Docs. 19 and 24.
[5] 29 U.S.C. § 206 [Plaintiffs allege Defendants failed to pay minimum wage, and in some cases, overtime].
[6] La. Rev. Stat. §§ 23:631-632 [Plaintiffs allege Defendants failed to issue final paychecks within fifteen days of resignation].
[7] R. Doc. 9.

Defendants are two property management companies and Mr. Joshua Bruno, their founder and lead executive, who argue here that Plaintiffs' claim for unjust enrichment should be dismissed because in Louisiana, an action for unjust enrichment "is allowed only when the plaintiff has no other remedy at law."[8] Defendants argue that Plaintiffs are precluded from bringing an unjust enrichment claim because they seek statutory remedies under the FLSA and LWPA and therefore cannot demonstrate they lack another remedy at law. Defendants assert this is an issue of substantive law, not procedural, and support their argument with precedents from this District, the Fifth Circuit, and the Louisiana Supreme Court. Defendants further attest that Plaintiffs' cited authorities for alternative pleading have since been abrogated.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's action may be dismissed "for failure to state a claim upon which relief can be granted."[9] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[10] To survive a 12(b)(6) motion, the facts must not be merely conceivable but plausible, containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]  In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[12] and the documents attached to the complaint.[13]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[14] Where a

---

[8] *Carriere v. Bank of Louisiana*, 95-3058, p. 12 (La. 12/13/96), 702 So. 2d 648, 657.
[9] Fed. R. Civ. P. 12(b)(6).
[10] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[12] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[13] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[14] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

complaint is comprised of "naked assertion[s] devoid of 'further factual enhancement,'" the pleading has failed to comply with the requirements of Rule 8.[15] On review, however, the Court construes the complaint in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[16] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[17]

The question before the Court is whether Plaintiffs' unjust enrichment claim can proceed despite their pleading of federal and state statutory causes of action. Louisiana law declares unjust enrichment a subsidiary remedy that "shall not be available if the law provides another remedy."[18] Thus, unjust enrichment is only available to "fill a gap in the law where no express remedy is provided."[19] The Fifth Circuit—along with divisions of this Court—has followed Louisiana jurisprudence in this area, finding "the important question is whether another remedy is available" when determining the availability of unjust enrichment as a cause of action.[20]

Here, Plaintiffs allege Defendants committed wage theft by denying the issuance of paychecks and overtime pay, claims for which their statutory causes of action provide direct relief. Whether Plaintiffs can maintain a cause of action for unjust enrichment is a substantive question of law, and thus, Louisiana law controls in making that determination. Upon reviewing the complaint, Plaintiffs undoubtedly concede the availability of remedies under Causes I and II.[21] The Court acknowledges Plaintiffs' procedural argument for alternative pleadings[22] but finds

---

[15] *Id.*
[16] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[17] *Twombly*, 550 U.S. at 555.
[18] La. Civ Code art. 2298.
[19] *Shell Offshore, Inc. v. Eni Petro. US LLC*, No. 16-cv-15537, 2017 WL 3582486, *7 (E.D. La. Aug. 18, 2017) (quoting *Perez v. Utility Constructors, Inc.*, 2016 WL 5930877, at *1 (E.D. La. Oct. 12, 2016).
[20] *Ferrara Fire Apparatus, Inc. v. JFL Industries, Inc.*, 581 Fed. Appx. 440, 444 (5th Cir. 2014) (quoting *Garber v. Baden & Ranier*, 981 So.2d 92, 100 (La. App. 3 Cir. Apr. 2, 2008).
[21] R. Doc. 21 at 13-14.
[22] Fed. R. Civ. P. Rule 8.

Defendants' extensive abrogation authorities controlling. Accordingly, because Plaintiffs' statutory causes of action provide express legal remedies, their claim for unjust enrichment is dismissed.

## **CONCLUSION**

IT IS ORDERED that the Motion to Dismiss Unjust Enrichment Claims[23] is **GRANTED** and Defendants' initial motion is declared **MOOT.**[24]

**New Orleans, Louisiana**, this 10th day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. 24.
[24] R. Doc. 19.