UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRITTANY MOORE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-0217 |
| MW SERVICING, LLC, ET AL. | SECTION: T(5) |

## ORDER

Before the Court is a Motion to Dismiss Collective Action Claims for Failure to State a Claim,[1] filed by Defendants MW Servicing, LLC, WBH Servicing, LLC, and Joshua Bruno ("Defendants"). Brittany Moore, Dmitry Feller, Jada Eugene, and Christopher Willridge ("Plaintiffs") have filed an opposition.[2] Defendants subsequently filed a reply.[3] For the following reasons, the Motion is **DENIED,** and Defendants' duplicative motion is declared **MOOT**.[4]

## FACTS AND PROCEDURAL HISTORY

This dispute involves allegations of unpaid wages in violation of the Fair Labor Standards Act ("FLSA")[5] and the Louisiana Wage Payment Act.[6] In November 2019, Plaintiff Moore started working as an Assistant Property Manager of the Oakmont Apartments, a multi-unit complex owned and operated by Defendants. Plaintiff resigned a month later citing understaffing and unsafe conditions at the complex. Plaintiff claims she never received her final paycheck despite repeated procurement efforts. This suit followed, with three additional plaintiffs joining shortly thereafter alleging, *inter alia*, that they too did not receive a final paycheck.[7]

---

[1] R. Doc. 27.
[2] R. Doc. 32.
[3] R. Doc. 39.
[4] This is one of two identical motions filed by Defendants. The first [R. Doc. 18] was filed April 2, 2020. Upon filing, an outstanding motion for leave to add Bruno, Inc. had not yet been granted. Defendants re-filed this motion [R. Doc. 27] on April 13, 2020, "out of an abundance of caution." Thus, this order dispenses with both Docs. 18 and 27.
[5] 29 U.S.C. § 206 [Plaintiffs allege Defendants failed to pay minimum wage, and in some cases, overtime].
[6] La. Rev. Stat. §§ 23:631-632 [Plaintiffs allege Defendants failed to issue final paychecks within fifteen days of resignation].
[7] R. Doc. 21.

1

In addition to individual complaints, Plaintiffs seek to bring this action collectively on behalf of "all other current and former similarly situated employees who worked for…[Defendants] within three years prior to the date of filing this lawsuit, and who were not timely paid their final paychecks as required by law."[8] Plaintiffs contend that Defendants' 12(b)(6) motion is premature because the complaint specifically pleads and extensively details intimate knowledge of known policies and procedures in violation of the FLSA and LWPA against named Plaintiffs and putative similarly situated individuals. Should the Court find the complaint insufficient, Plaintiffs submit an alternative request for leave to amend.[9]

Defendants are two property management companies and a Mr. Joshua Bruno, their founder and lead executive, who argue here that Plaintiffs' collective action allegations should be dismissed because (1) they do not provide fair notice of the putative class as required by law and (2) the four named plaintiffs are not similarly situated.[10]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's action may be dismissed "for failure to state a claim upon which relief can be granted."[11] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[12] To survive a 12(b)(6) motion, the facts must not be merely conceivable but plausible, containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  In evaluating a complaint under

---

[8] U.S.C. § 216(b); R. Doc. 1 at 5.
[9] R. Doc. 32 at 10.
[10] R. Doc. 27
[11] Fed. R. Civ. P. 12(b)(6).
[12] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Rule 12(b)(6), the district court should confine itself to the pleadings,[14] and the documents attached to the complaint.[15]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[16] Where a complaint is comprised of "naked assertion[s] devoid of 'further factual enhancement,'" the pleading has failed to comply with the requirements of Rule 8.[17] On review, however, the Court construes the complaint in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[18] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[19]

The question before the Court is whether Plaintiffs' collective action pursuit should be allowed to move forward under the pleadings. To survive a Rule 12(b)(6) motion, Plaintiffs must "have adequately pleaded that [they are] similarly situated to potential collective action members."[20] Reviewing the amended complaint, Plaintiffs have collectively submitted sufficient factual detail giving rise to the reasonable inference that a putative class of individuals was not timely paid their final paychecks and/or overtime. Indeed, three additional Plaintiffs came forward after the filing of the original complaint, each supplying similar factual allegations regarding Defendants' practices, namely, facts concerning final paychecks and overtime. These factual allegations—which the Court is to accept as true and draw reasonable inferences in Plaintiffs' favor—give rise to the inference that they are similarly situated to a putative class who also did

---

[14] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).
[17] *Id*.
[18] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[19] *Twombly*, 550 U.S. at 555.
[20] *Id*. at 435-436.

not receive a final paycheck or overtime by design. Accordingly, the Court agrees with Plaintiffs' assertion that they are similarly situated to putative class members in "relevant respect" to the claim that they were not issued a final paycheck or overtime.[21]

The Court also finds persuasive the pleadings by named Plaintiffs who previously worked in corporate and accounting capacities. Taken as true, these allegations would raise a right to relief above "the speculative level" because they detail alleged violations of the FLSA and LWPS. Finally, regarding the notice standard, Defendants could easily identify former employees who did not receive a final paycheck or overtime by examining their own records from the past three years. Accordingly, the allegations within the amended complaint provide sufficient factual detail to satisfy the review standard and continue to the notice phase of the analysis.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss Collective Action Claims for Failure to State a Claim[22] is **DENIED**. Accordingly, Defendants' duplicative motion is declared **MOOT**.[23]

**New Orleans, Louisiana**, on this 10th day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[21] R. Doc. 32 (quoting *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465–66 (S.D. Tex. 2012)).
[22] R. Doc. 27.
[23] R. Doc. 18.