UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY MOORE, ET AL.                                              CIVIL ACTION

VERSUS                                                              NO: 20-0217

MW SERVICING, LLC, ET AL.                                           SECTION: T(5)

**ORDER**

Before the Court is a Motion for Conditional Certification and Court Authorized Notice,[1] filed by Brittany Moore, Dmitry Feller, Jada Eugene, and Christopher Willridge ("Plaintiffs"). MW Servicing, LLC, WBH Servicing, LLC, and Joshua Bruno ("Defendants") have filed an opposition.[2] Plaintiffs subsequently filed a reply.[3] For the following reasons, the Motion is **GRANTED IN PART** with respect to conditional certification and **DENIED IN PART** with respect to the form and manner of notice**.** The Court orders the parties to meet and confer regarding the form of notice within 30 days of the issuance of this order. Plaintiffs' related Motion for Judicial Notice is **DISMISSED** without prejudice.[4]

**FACTS AND PROCEDURAL HISTORY**

This dispute involves allegations of unpaid wages in violation of the Fair Labor Standards Act ("FLSA")[5] and the Louisiana Wage Payment Act ("LWPA").[6] In November 2019, Plaintiff Moore started working as an Assistant Property Manager of the Oakmont Apartments, a multi-unit complex owned and operated by Defendants. Plaintiff resigned a month later citing understaffing and unsafe conditions at the complex. Plaintiff claims she never received her final paycheck

---

[1] R. Doc. 40.
[2] R. Doc. 44.
[3] R. Doc. 51.
[4] R. Doc. 54.
[5] 29 U.S.C. § 206 [Plaintiffs allege Defendants failed to pay minimum wage, and in some cases, overtime].
[6] La. Rev. Stat. §§ 23:631-632 [Plaintiffs allege Defendants failed to issue final paychecks within fifteen days of resignation].

1

despite repeated procurement efforts. This suit followed, with three additional plaintiffs joining shortly thereafter alleging, *inter alia*, that they too did not receive a final paycheck.[7]

In addition to individual complaints, Plaintiffs seek to bring this action collectively on behalf of "All employees of Metrowide Apartments, including MW Servicing LLC, WBH Servicing LLC, Bruno Inc., or Joshua Bruno, who were terminated, resigned, or otherwise separated from employment at any time since May _____, 2017, or who were paid a salary yet required to track their hours worked."[8]

Plaintiffs contend they have satisfied the burden for conditional certification through affidavits and documentary evidence and maintain that broad certification is warranted because of Defendants' conduct.[9] Plaintiffs also submit related requests should the Court grant certification, including: (1) a proposed Form of Notice detailing relevant timelines;[10] (2) an order certifying a subclass of putative members "who were paid a salary yet required to track their hours worked";[11] (3) a request that notice be made via mail, e-mail, text message, and through physical postings at Defendants' properties; and (4) an order requiring expedited disclosure of contact information.

Defendants are two property management companies and Mr. Joshua Bruno, their founder and lead executive, who argue here that Plaintiffs' Motion should be dismissed because the proposed class is unreasonably broad, and the named Plaintiffs are not sufficiently similar to justify a collective action. Defendants reject Plaintiffs' proposed definition of employers and requested subclass. Further, Defendants object to the form and manner of notice as "overly broad" and ask the Court for an order requiring the parties to meet and confer regarding appropriate notice.

---

[7] R. Doc. 21.
[8] U.S.C. § 216(b); R. Doc. 40-3.
[9] In pertinent part, Plaintiffs' Proposed Notice defines the subclass as follows all employees "…who were paid a salary yet required to track their hours worked." *See* R. Doc. 40-3.
[10] *Id*.
[11] R. Doc. 40. at 14.

Finally, following the filing of this motion, Plaintiffs submitted a separate Motion for Judicial Notice which is relevant to Defendants' rejection of Plaintiffs' proposed definition for "employers."[12]

## LAW AND ANALYSIS

The FLSA establishes minimum labor standards for minimum wage, overtime pay, and record keeping requirements, and creates a private right of action for employees when these rights are violated.[13] Under § 216(b) of the FLSA, one or more employees may pursue a collective action against an employer if all plaintiffs (1) are "similarly situated," and (2) give consent in writing, filed in the court in which the action is brought.[14] The FLSA does not establish a test to determine whether employees are "similarly situated" but courts in the Fifth Circuit apply the two-step process articulated in *Lusardi*.[15]

The first determination is made at the "notice stage" where the district court makes a decision based on pleadings and affidavits submitted by the parties to determine whether to give notice of the action to other potential class members.[16] Because the court has minimal evidence at this stage, courts use a lenient standard that typically results in certification.[17] If a district court "conditionally certifies" the class, putative class members are given notice and an opportunity to

---

[12] R. Doc. 54. Plaintiffs submit this affidavit to rebut statements made in Defendants' response to this motion. Accordingly, the Court will address Plaintiffs' Motion for Judicial Notice here.
[13] 29 U.S.C. §§ 206(a)(1), 207(2)(1), 216(b).
[14] 29 U.S.C. §216(b) (otherwise known as the "opt-in" procedure).
[15] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (1987). *See e.g. Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224 at *2 (E.D. La. Aug. 21, 2007) (stating that district courts in the Fifth Circuit have uniformly used the *Lusardi* approach to determine whether a collective action should be certified under FLSA); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005) (finding that the Eastern District of Louisiana more often used the *Lusardi* approach); *Lang v. DirectTV, Inc.*, No. 10-1085G1, 2011 WL 6934607 at *7 (E.D. La. 2011) (applying the *Lusardi* approach because it is the more common and routinely used by courts in the Eastern District).
[16] *Mooney v. Aramco Servs. Co.*, 53 F.3d 1207, 1214 (5th Circ. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).
[17] *Id*.

"opt-in" to the action as a representative throughout discovery.[18] Although a lenient standard, "general allegations that an employer violated FLSA are insufficient."[19] Typically, courts require only a modest factual basis and do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[20] Further, some variation between potential claimants is not determinative of lack of similarity.[21]

The Court finds that conditional certification is appropriate based on the pleadings, affidavits, and evidence submitted by Plaintiffs. At the notice stage, Plaintiffs bear the burden to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[22] Each named Plaintiff asserts they are similarly situated as former employees who were allegedly denied their final paycheck, a policy which, if confirmed, would violate the FLSA. In support of the claim that other similarly situated individuals exist, Plaintiff Feller alleges that Defendant Bruno "specifically instructed that employees should not be paid final wages and overtime, regardless of job title or whether they were hourly or salaried."[23] Plaintiff Willridge alleges that "[t]here was a known practice established by Defendant Bruno of threatening employees who complained of labor violations, and specifically refusing to pay employees their

---

[18] *Id*.
[19] *Chapman v. LHH Grp. Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014).
[20] *See id* (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J 1988)).
[21] *Id. See also, e.g., Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 at *2 (E.D La. May 24, 2004) (similarity standard met where current and former employees were subject to the same company-wide payment policies); *Crain v. Helmrich and Pain International Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. April 16, 1992) ("similarly situated" requirement met where employees were subject to a company-wide policy that deprived them of payment for engaging in mandatory job-relating meetings and trainings).
[22] *See Lang*, 2011 WL 6934607, at *4 (quoting *Morales v. Thang Hung Corp.*, 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex., Aug. 14, 2009); *See, e.g., Bridges*, 2016 WL 6440326 at *3; *Smith v. Dasuya Enterprises LLC*, No. 17-17895 2020 WL 210277, at *3 (E.D. La. Jan. 14, 2020).
[23] R. Doc. 40; Declaration of Dmitry Feller at ¶ 6.

final paychecks whenever an employee resigned or was discharged."[24] While the other named Plaintiffs suggest the existence of aggrieved individuals, these declarations—especially that of a former Accounting Manager—go beyond general allegations by specifically detailing Defendant's instructions for imposing an unlawful, company-wide policy. If true, the putative class would be similarly situated with respect to Plaintiffs' claims because they also would not have received a final paycheck or overtime under Defendant's alleged scheme. These first-hand accounts thus create a reasonable basis to crediting Plaintiffs' assertion that putative class members exist.

Defendants and Plaintiffs illustrate conflicting accounts of the same story, but settling that dispute requires a factual inquiry, and the Court's review here is limited to the applicable standard for conditional certification. Therefore, the Court finds that conditional certification of the primary class and subclass is appropriate because Plaintiffs' declarations have provided a modest factual basis for concluding that a factual nexus exists between Plaintiffs and putative class members.

Turning to specific arguments regarding notice, Defendants argue that Plaintiffs have failed to establish that Bruno, Inc. and Defendant Bruno qualify as employers. The Court finds Plaintiffs' assorted authorities persuasive and agrees that this question cannot be resolved on a motion for conditional certification and should be addressed at a later stage. Furthermore, the Court finds Plaintiffs' separate pending Motion for Judicial Notice[25] relevant to this issue. In that filing, Plaintiffs request that the Court take judicial notice of an affidavit of Defendant Bruno filed in an unrelated case from this District in which he states: "Through Bruno, Inc., I also manage numerous other commercial real estate entities in the New Orleans area and several other states, all of which are owned by me personally."[26] This statement, Plaintiffs contend, directly contradicts Mr.

---

[24] R. Doc. 40 at 7; Declaration of Christopher Willridge ¶ 10.
[25] R. Doc. 54.
[26] *Sonder USA, Inc. v. 635 N. Scott LLC*, 2:18-13891-NJB-MBN (Brown, J.); R. Doc. 54 at 1-2.

Bruno's affidavit in this dispute, which states that Bruno Inc. "operates wholly outside the state of Louisiana."[27] Plaintiffs offer this affidavit not to prove the truth of the matter asserted, but instead as a form of impeachment to "show that Mr. Bruno has contradicted himself."[28] Federal Rule of Evidence 201(b) provides that the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Reviewing both affidavits, the fact that Mr. Bruno offered conflicting statements is relatively straightforward. However, because the Court finds Defendants' employer qualification argument premature at this stage of the proceeding, the Motion for Judicial Notice is rendered moot and dismissed without prejudice.[29]

Regarding the form and manner of notice, the Court agrees with Defendants that the proposed form and manner of notice are overly broad. The Court finds Defendants' request for an order requiring the parties to confer on the form of notice appropriate, and thus orders the parties to schedule a meeting on this issue within 30 days of this order's issuance. As for the manner of notice, the Court also finds Plaintiffs' suggested manners of notice unnecessarily broad. Physical postings at Defendants' offices or residential properties are not necessary to effectively issue notice based on the characteristics of putative class members. Thus, the Court orders that the manner of notice be limited to U.S. Mail, e-mail, and text messages.

---

[27] *Id*.
[28] R. Doc. 65.
[29] *Id*. at 2. Plaintiffs requested the Court "disregard Mr. Bruno's…statements regarding Bruno Inc. for the purposes of the Motion for Conditional Certification." Because the Court will not address that question at this stage, the Motion is moot.

6

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the that Motion for Conditional Certification and Court Authorized Notice is **GRANTED IN PART** with respect to conditional certification and **DENIED IN PART** with respect to the form and manner of notice. The Court orders the parties to meet and confer regarding the form of notice within 30 days of the issuance of this order. Plaintiffs' related Motion for Judicial Notice is **DISMISSED** without prejudice.[30]

**New Orleans, Louisiana**, on this 15th day of March, 2021.



GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[30] R. Doc. 54.