UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY MOORE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-217** |
| **MW SERVICING, LLC, ET AL.** | **SECTION: T(5)** |

## ORDER

Before the Court is a *Motion to Strike Notice of Supplemental Authority* filed by Defendants MW Servicing, LLC, WBH Servicing, LLC, Bruno, Inc., and Joshua Bruno ("Defendants").[1] Brittany Moore, Dmitry Feller, Jada Eugene, Christopher Willridge, and the opt-in Plaintiffs ("Plaintiffs") have filed an opposition.[2] Defendants filed a reply.[3]

For the following reasons, the *Motion to Strike* is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from allegations of unpaid wages in violation of the Fair Labor Standards Act ("FLSA")[4] and the Louisiana Wage Payment Act ("LWPA").[5] In November 2019, Plaintiff Moore began working as an Assistant Property Manager of the Oakmont Apartments, a multi-unit complex owned and operated by Defendants. Plaintiff Moore resigned a month later citing understaffing and unsafe conditions at the complex. Plaintiff Moore claims she never received her final paycheck despite repeated procurement efforts. This suit followed, with three additional

---

[1] R. Doc. 201.
[2] R. Doc. 202.
[3] R. Doc. 207.
[4] 29 U.S.C. § 206.
[5] La. Rev. Stat. §§ 23:361-32

1

plaintiffs joining shortly thereafter alleging, *inter alia*, that they, too, did not receive a final paycheck.[6] The four named Plaintiffs moved this Court to bring this action collectively on behalf of former employees of Defendants who worked at a Metrowide Apartment location who were terminated, resigned, or separated from employment at any time since May 5, 2017, and were not paid a final paycheck, or salaried current or former employees of Defendants who worked at a Metrowide Apartments location, who despite being paid salary were required to track time and had time deducted from their paychecks based on the number of hours performed.[7] Following conditional certification, eight additional opt-in plaintiffs joined the collective action. Two have since been dismissed without prejudice.[8] The Court granted Defendant's Motion to Decertify this date leaving four named plaintiffs.[9]

Plaintiffs filed a notice of supplemental authority, requesting this Court consider a credibility determination by a bankruptcy court with regard to Defendant Bruno.[10] Defendants filed a motion to strike the notice of supplemental authority pursuant to Federal Rule of Civil Procedure 12(f) because its contents pertain to "wholly irrelevant and separate entities than those involved in this case."[11]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) allows courts to strike from any pleading "redundant, immaterial, impertinent, or scandalous matter."[12] In doing so, the court may act on its own motion, or on motion made by a party either before the party responds to the pleading, or if a

---

[6] R. Doc. 21.
[7] R. Doc. 96.
[8] R. Doc. 157.
[9] R. Doc. 142.
[10] R. Doc. 199.
[11] R. Doc. 201.
[12] Fed. R. Civ. Proc. 12(f).

response is not allowed, within 21 days after service of the pleading.[13] Motions to strike are to be reserved only for instances "when required for the purposes of justice."[14] A motion to strike should be granted only where the pleading to be stricken has no possible relation to the controversy.[15]

As a preliminary matter, the Court finds that the motion to strike filed by Defendants is timely, as it was filed before Defendants filed a response to the notice and the 21-day time limit does not apply in instances where a response is allowed.[16]

Plaintiffs concede the supplemental authority provided is not binding on the Court but are provided to "reinforce the undisputed evidence already in the record" with regard to pending motions for summary judgment and sanctions.[17] Defendants assert the bankruptcy court's opinion is unfairly prejudicial to Defendant Bruno, has no relevance to any legal proposition in the motions in the case, and cannot be used as evidence.

The facts and law evaluated in the bankruptcy court's opinion regard different facts and different law. The bankruptcy court opinion's sole likeness to the case at bar is the involvement of one defendant. Plaintiffs assert the companies named in the bankruptcy court opinion are also owned by Bruno through a parent company and are, therefore, relevant to the issues presented in motions before this Court. Unlike governing authorities cited in the pending motions, the bankruptcy court opinion is offered as "persuasive" authority, which is apparently presented to be evidence for the Court to consider in its determination in the pending motions in this matter. Plaintiffs have provided no authority authorizing use of the bankruptcy opinion's credibility

---

[13] *Id*.
[14] *Greater New Orleans Fair Housing Action Center v. Kelly*, 364 F. Supp. 3d 635, 655 (E.D. La. 2019).
[15] *Ross v. Dejarnetti*, 514 F. Supp. 3d 845 (E.D. La. 2021).
[16] *See* Fed. R. Civ. Proc. 12(f).
[17] R. Doc. 199.

findings as evidence for summary judgment. Moreover, the Court did not consider the bankruptcy court opinion in ruling on the pending motions for summary judgment.

## CONCLUSION

Finding no authority to utilize the bankruptcy court's opinion as evidence for the motions presented to this Court, that the opinion is unfairly prejudicial to Defendant Bruno, and there is no relevance to the legal propositions in the motions in this case, the Court will grant the *Motion to Strike* filed by Defendants.

Accordingly, **IT IS ORDERED** that the *Motion to Strike* is GRANTED, and the filing is stricken from the record.[18]

New Orleans, Louisiana, this 2nd day of AUGUST 2023.

                                        Hon. Greg Gerard Guidry
                                        United States District Judge

---

[18] R. Doc. 201.