UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY MOORE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-217** |
| **MW SERVICING, LLC, ET AL.** | **SECTION: T** |

## ORDER

Before the Court is a Motion to Sever Claims filed by Defendants Joshua Bruno, Bruno, Inc., MW Servicing, LLC, and WBH Servicing, LLC. R. Doc. 244. Plaintiffs have filed an opposition. R. Doc. 248. Defendants have filed a reply with leave of court. R. Doc. 251. For the reasons set forth below, the Court will deny the Motion to Sever Claims.

## FACTUAL BACKGROUND

Essentially, this matter arises from allegations of unpaid wages in violation of the Fair Labor Standards Act ("FLSA")[1] and the Louisiana Wage Payment Act ("LWPA").[2] In November 2019, Plaintiff Moore began working as an Assistant Property Manager of the Oakmont Apartments, a multi-unit complex owned and operated by Defendants. Plaintiff Moore resigned a month later citing understaffing and unsafe conditions at the complex. Plaintiff Moore claims she never received her final paycheck despite repeated procurement efforts. This suit followed, with three additional plaintiffs (Christopher Willridge, Jada Eugene, and Dmitry Feller) joining shortly thereafter alleging, *inter alia*, that they, too, did not receive a final paycheck. R. Doc. 21. The four named plaintiffs moved this Court to bring this action collectively on behalf of certain former

---

[1] 29 U.S.C. § 206.
[2] La. Rev. Stat. §§ 23:361-32.

1

employees of Defendants. R. Doc. 96. Following conditional certification, eight additional opt-in plaintiffs joined the collective action. However, the matter was ultimately decertified, leaving only the four named plaintiffs. R. Doc. 238.

## APPLICABLE LAW

Federal Rule of Civil Procedure 21 establishes that, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed R. Civ. P. 21. Because Rule 21 contains no standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (%th Cir. 2010). Rule 20(a)(1) provides that: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed R. Civ. P. 20. Rule 20 thus forms a two-prong test, allowing joinder of plaintiffs when (1) the plaintiffs' claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. *Acevedo*, 600 F.3d at 521 (citations omitted).

## ANALYSIS

Defendants assert that Plaintiffs' claims do not arise out of the same transaction or occurrence because each claim will require individual analysis. They contend severance of the four named Plaintiffs' claims is necessary "given the vastly different job titles, job experiences, time employed, salary, job location, claims, and defenses of each Plaintiff." Plaintiffs counter that the record is clear that their claims present numerous common and overlapping questions of law or fact as required by Rule 20.

The Court has reviewed the applicable law and the record as it stands in this case. The Court agrees with Plaintiffs that there are common questions of facts that can and should be resolved as to each of the four named plaintiffs. Further, the Court finds there are overlapping and common issues such as whether the defendants can be deemed joint employers and whether the Fair Labor Standards Act applies to the defendants as an enterprise. Lastly, the Court finds that judicial efficiency will be maximized by trying the claims of these four plaintiffs together in one proceeding.

Accordingly, **IT IS ORDERED** that the *Motion to Sever Claims* filed by Defendants (R. Doc. 244) is **DENIED.**

New Orleans, Louisiana, this 7th day of September 2023.

_____
Hon. Greg Gerard Guidry
United States District Judge