UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRITTANY MOORE, ET AL.**                                                             **CIVIL ACTION**

**VERSUS**                                                                                              **NUMBER: 20-217**

**MW SERVICING, L.L.C., ET AL.**                                                **SECTION: "T" (5)**

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. (Rec. doc. 289).[1] Defendants oppose the motion. (Rec. doc. 294). Plaintiffs filed a reply memorandum and sought additional fees for that reply. (Rec. doc. 296). Having reviewed the pleadings and the case law, the Court finds and recommends as follows.

**I.    Background**

This case involves a wage dispute. On January 20, 2020, Plaintiff, Brittany Moore, filed this action against Defendants, MW Servicing, L.L.C.; WBH Servicing, L.L.C.; and Joshua Bruno, as a putative collective action alleging violations of the Fair Labor Standards Act ("FLSA") and the Louisiana Wage Payment Act ("LWPA"). Plaintiffs seek recovery of unpaid wages and related penalties. (Rec. doc. 1). Moore was initially represented by the Stiegler Law Firm only. (*Id.*).

In response, Defendants filed a motion for partial dismissal of the collective-action allegations. (Rec. doc. 7). Shortly thereafter, Kenneth C. Bordes, who represented three additional plaintiffs alleging they were underpaid, sought to join the case. (Rec. doc. 10). The parties agreed to withdraw Defendants' motion to dismiss so that Plaintiffs could file an amended complaint, which added the new claimants and added Bruno, Inc. as a co-defendant. (Rec. docs. 13, 21).

---

[1] The District Court referred the motion to the undersigned under 28 U.S.C. § 636(b). (Rec. doc. 295).

Defendants then re-filed a motion to dismiss the collective-action allegations and filed a motion to dismiss the claim for unjust enrichment. (Rec. docs. 18, 19). The District Court denied the motion to dismiss the collective action and granted the motion to dismiss the unjust enrichment claim. (Rec. docs. 85, 86). Plaintiffs filed a motion for conditional certification of an FLSA collective action that was opposed, but ultimately granted, on March 15, 2021. (Rec. docs. 40, 44, 87).

Several opt-in Plaintiffs joined the collective action; however, Leonardo Rodriguez and Latoya Edwards ultimately withdrew from the case and were dismissed without prejudice. (Rec. docs. 155, 157). Defendants deposed each named Plaintiff and opt-in Plaintiff, and Plaintiffs took depositions of Defendants' owner and CEO, Joshua Bruno, and CFO, Steve Coffman. Plaintiffs filed a motion to compel supplemental responses and production, which was granted. (Rec. docs. 132, 143).

On January 5, 2022, Defendants filed a motion to decertify the collective action. (Rec. doc. 142). The parties then both filed cross-motions for partial summary judgment. (Rec. docs. 144, 145, 146). On April 4, 2022, the parties prepared and submitted an initial Pretrial Order and, on the same date, the trial was continued. (Rec. doc. 188).

On January 10, 2022, the parties held a telephonic settlement conference with the undersigned, but no resolution was reached. (Rec. doc. 148). On February 16, 2023, counsel appeared for a telephonic pretrial conference before Judge Guidry. (Rec. doc. 233). Following the pretrial conference, the District Court denied both cross-motions for summary judgment and granted the motion for decertification. (Rec. docs. 238, 240). The opt-in Plaintiffs were dismissed without prejudice and the matter was set for trial with the four named Plaintiffs: Brittany Moore, Jada Eugene, Christopher Willridge, and Dmitry

Feller. (Rec. doc. 140). Defendants filed a motion to sever the claims into four separate trials, but that motion was ultimately denied. (Rec. doc. 244).

On August 9, 2023, the parties appeared for a pretrial conference, and the District Judge set a trial date for September 18, 2024. (Rec. doc. 247). On September 13, 2024, Defendants sent individual settlement offers to the four named Plaintiffs. On September 14, 2024, counsel for the parties spoke again with the undersigned regarding settlement, and a settlement was reached the next day. (Rec. doc. 268).

The parties negotiated a formal written settlement agreement, but settlement payments were not timely made, so Plaintiffs filed a motion to enforce the settlement. (Rec. doc. 273). The undersigned issued a report and recommendation granting the motion to enforce settlement, which the District Court adopted in a written judgment. (Rec. docs. 285, 287). In line with that judgment, Plaintiffs' counsel briefed their entitlement to attorneys' fees and costs as prevailing parties in this FLSA action. (*Id.*). This fee application followed, in which Plaintiffs seek $92,212.50 in attorney's fees and $2,832.25 in costs on behalf of Stiegler Law Firm, L.L.C., and $67,012.50 in attorney's fees and $3,518.11 in costs on behalf of Kenneth C. Bordes, Attorney at Law, L.L.C. (Rec. doc. 289 at 1).

## II.  Law and Analysis

### A.  Plaintiff's Entitlement to Attorneys' Fees and Costs from Defendants

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney's fee and costs of the action. 29 U.S.C. § 216(b) ("[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiffs, having reached a settlement agreement, are the prevailing parties. *Esparza v. Kostmayer Constr., L.L.C.*, No. CV 15-4644, 2017 WL

3

4621107, at *1 (E.D. La. Sept. 26, 2017) (finding plaintiffs who reached a settlement agreement under the FLSA entitled to attorney fees).

Plaintiff's entitlement to fees is undisputed. However, Defendants argue that fees should not be assessed against Defendant, Bruno, Inc. (Rec. doc. 294 at 10). That issue, the individual liability of each Defendant, is not before the Court in the instant motion for attorneys' fees. Bruno, Inc.'s liability was set aside for a later date at the time of settlement. (Rec. doc. 296 at 8). Here, the Court will address only the amount of attorney's fees and costs owed to Plaintiffs.

### B. The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors of La., Inc.*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that

4

the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson*[2] factors. *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden. *See Fessler*, 23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

    1.  **Reasonable Hourly Rates**

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee

---

[2] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328).

Plaintiffs seek fees on behalf of Charles J. Steigler of Stiegler Law Firm, L.L.C., and Kenneth C. Bordes of Kenneth C. Bordes, Attorney at Law, L.L.C. Both attorneys seek rates of $375.00/hour and, in support, have each attached a declaration explaining why they are entitled to the requested rate and a memorandum citing to a number of cases in this district.

In 2006, Stiegler graduated from the Paul M. Herbert Law Center where he was a member of the Louisiana Law Review and Order of the Coif. He was admitted to the California Bar that same year where he practiced for three years. Then, in 2009, he returned to Louisiana, where he served as law clerk to former Louisiana Supreme Court Justice Jeannette Theriot Knoll. He was admitted to the Louisiana Bar in 2010. In total, Stiegler has 18 years of experience as an attorney. Stiegler is the founding partner of Stiegler Law Firm, L.L.C., where his practice focuses on employment litigation, as it has throughout his career. (Rec. doc. 289-3 at 1-2); (Rec. doc. 296 at 2-3).

Bordes graduated from Loyola College of Law in 2014. He currently has 10 years of experience as an attorney. He is the owner and managing partner of Kenneth C. Bordes,

6

Attorney at Law, L.L.C., where he focuses his practice on labor and employment litigation. He serves several associations and their corresponding labor and employment sections. (Rec. doc. 289-1 at 1-2).

Plaintiffs point to their counsels' qualifications, Steigler's 18 years and Bordes' 10 years of experience, and case law in support of the hourly rate sought.  *See Smith v. Metro Sec., Inc.,* No. CV 18-953, 2019 WL 3521923 (E.D. La. July 29, 2019) (approving an hourly rate of $375.00 in an FLSA case for an attorney with 15 years of experience);  *REC Marine Logistics, L.L.C. v. Richard*, No. CV 19-11149, 2020 WL 1527766 (E.D. La. Mar. 27, 2020) (granting an hourly rate of $375.00 for a Texas attorney with 13 years of experience practicing in this district in a personal injury case); *Cajun Servs. Unlimited, L.L.C. v. Benton Energy Serv. Co.*, No. CV 17-491, 2020 WL 375596 (E.D. La. Jan. 23, 2020) (approving $350.00/hour for an attorney with 11 years of experience in a patent case).

Defendants argue that Plaintiffs requested hourly rate is excessive, not market rate, and that $300.00/hour is the appropriate rate.  (Rec. doc. 294 at 3).  Defendants assert that the cases Plaintiffs cite are inapposite and point to a number of decisions to support their position.  *See Badon v. Berry's Reliable Resources, L.L.C.*, No. CV 19-12317, 2022 WL 18671139, at *3 (E.D. La. Nov 17, 2022) (reducing rate of an attorney with 18 years of experience from $350.00/hour to $300.00/hour in an FLSA case); *Rodney v. Elliot Sec. Solutions, L.L.C.*, No. 19-11890, 2020 WL 4756490, at *3-6 (E.D. La. July 30, 2020) (awarding an attorney with 17 years of experience in an FLSA action a blended rate of $275.00 for routine work requiring less skill and $325.00 for all other more complex work);  *Hubert v. Curren*, No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing

rate of partner with 17 years of experience from $400.00/hour to $300.00/hour as prevailing rate in district).

The Court finds that Plaintiff's proposed rate should be reduced slightly, to $350.00/hour. Some of the cases cited by Plaintiff are either outliers or involve facts that are not particularly analogous to the instant case. *See Smith*, 2019 WL 3521923, at *8 ("the hourly rates . . . fall within the range of rates allowed by other courts in this district, *albeit on the higher end of that range*) (emphasis added). And although there is a wide range of prevailing market rates in FLSA cases for attorneys with similar experience, the majority of recent case law suggests a reasonable rate is lower than that requested by Plaintiffs. *See Badon*, 2022 WL 18671139, at *3 (reducing rate of an attorney with 18 years of experience from $350.00/hour to $300.00/hour in an FLSA case); *Jones v. New Orleans Reg'l Physician Hosp. Org.*, No. CV 17-8817, 2019 WL 6770029 (E.D. La. Dec. 12, 2019) (reducing rate of attorney with 13 years of experience from $350.00/hour to $300.00/hour in an FLSA case); *Shaw v. Alpha Air & Heating, L.L.C.*, No. CV 22-3953, 2024 WL 1556861, at *3 (E.D. La. Apr. 10, 2024) (reducing rate of attorney with 13-14 years of experience from $500.00/hour to $350.00/hour); *Danos v. Panel Specialists, Inc.*, Civ. A. No. 22-14, 2023 WL 6167152, at *2 (E.D. La. July 24, 2023) (approving, *inter alia*, an hourly rate of $350.00 for an attorney with 16 years of experience). Accordingly, the Court will now calculate attorneys' fees at $350.00/hour.

### 2. Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude

from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434.  Hours that are not properly billed to one's client also are not properly billed to one's adversary.  *Id.*  The Supreme Court calls on fee applicants to make requests that demonstrate "billing judgment." *Id.*  The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended.  *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment'").  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No.16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

In summary, Defendants argue that a reduction of attorney fees is warranted because, among other reasons, the hours billed were excessive in comparison to the relative simplicity of the case and low degree of actual success attained.  Plaintiffs argue that the hours sought are reasonable considering they wrote off time, satisfying their requirement to exercise billing judgment, and that Defendants fought "tooth and nail" the whole litigation, even past settlement, causing Plaintiffs to expend hours.  The details of the parties' arguments are outlined below.

      **i.**      **Inadequate Documentation**

Defendants argue that Plaintiffs' attorneys are required to highlight when hours have been reduced in the exercise of billing judgment, and that Steigler has done so, but that Bordes failed to do so.  (Rec. doc. 294 at 5).  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."  *Whale Cap.,*

*L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 640026, at *3 (E.D. La. Feb. 15, 2024) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990)). "In reviewing attorney's fees applications, the court may reduce or eliminate hours if the documentation of those hours is 'vague or incomplete.'" *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 706 (E.D. La. 2001); *see also Hensley,* 461 U.S. at 437 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). The Court may also reduce hours that are too vague to permit meaningful review. *La. Power & Light Co.*, 50 F.3d at 326. The burden of proving the exercise of billing judgment is on the party seeking the fee award. *Hensley,* 461 U.S. at 437.

In support of their proposition, Defendants cite *Saizan v. Delta Concrete Products Co, Inc.* 448 F.3d 795, 799-800 (5th Cir. 2006) (affirming the District Court's 10% reduction of the lodestar in that case due to vagueness, duplicative work, and failure to indicate time written off in the timesheet). However, that opinion does not specifically require highlighting reduced hours on a timesheet, but instead emphasizes the requirement of indicating and documenting time that has been written off. *Id.* Here, Bordes explains in his declaration that he exercised billing judgment by cutting 110.5 hours that were unproductive, arguably clerical, related to tasks of lesser importance, involved unsuccessful motions, and related to opt-in Plaintiffs that were dismissed (Rec. doc 289-5 at 2). Further, he purports to have worked closely with co-counsel to avoid unnecessary duplication of work. (*Id.*). The depth of Bordes' description is sufficient, as it does not completely lack in explanatory detail and is complete enough to allow the Court a meaningful review of the work performed. *See Leroy v. City of Houston I,* 831 F .2d 576, 585–86 (5th Cir.1987) (reducing the fee award where entries "were often 'scanty,' some were never

kept at all, and many lacked explanatory detail."); *Hagan v. MRS Assocs., Inc.,* No. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001) (finding 10% reduction in total hours in part because time entries did not contain sufficient explanation to allow the court a meaningful review of the work performed). Considering Bordes' description of hours written off, the instant case is not one demonstrating inadequate billing judgment for failure to show hours written off, and therefore does not warrant a fee reduction for that reason.

### ii. Time Spent on Other Claims and Matters

Defendants assert that several specific time entries related to other claims and matters should be deducted from consideration, including: (1) time related to Plaintiffs whose claims were later dismissed (*i.e.*, the opt-in Plaintiffs), the collective action, and decertification efforts, (2) a separate matter filed in state court on behalf of Christopher Willridge, and (3) other matters involving Josh Bruno that are unrelated to the instant case. (Rec. doc. 294 at 5-6). The hours that are compensable should be those "reasonably expended on the litigation." *Watkins,* 7 F.3d at 457. An award to a prevailing party requires that any "unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 435. However, when claims involving multiple parties share a "common core of facts" or "related legal theories," a fee applicant may claim all hours reasonably necessary to litigate those issues. *Id.* at 434-5. In such a case, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Again, in determining a proper fee award, "the most critical factor is the degree of success obtained." *Id.* at 436.

As to the first set of contested time entries, as explained above, the action at issue was initially certified as an FLSA collective action that included several opt-in Plaintiffs, but it was later decertified, and the opt-in plaintiff's claims were dismissed without prejudice. Plaintiffs do not seek compensation for time devoted exclusively to the opt-in Plaintiffs. However, they do seek compensation for time devoted to overlapping claims of the opt-in and prevailing Plaintiffs. The overlapping time and work spent on the prevailing and opt-in Plaintiffs' claims necessarily share a common core of facts, as employees must be "similarly situated" for a certified collective action. 29 U.S.C.A. § 216.

As to the next relevant inquiry, the degree of success obtained, Plaintiffs were not entirely successful. Although Plaintiffs prevailed, they were unsuccessful in certain aspects of the case, including the motion for decertification and the dismissal without prejudice of the opt-in Plaintiffs. *See Johnson v. Big Lots Stores, Inc.,* 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (considering plaintiffs' limited success in their aim to certify a collective action and their multiple unsuccessful motions in determining a fee award). However, Plaintiffs state that they account for the degree of success obtained by writing off time. (Rec. Doc. 296 at 5).

*Johnson v. Big Lots Stores, Inc.* involves facts similar to the instant case. In that case individual plaintiffs prevailed in a FLSA action following decertification of the collective action and then sought attorney's fees. 639 F. Supp. 2d at 699. Defendants in *Johnson* contested fees related to time spent on the collective action, work unrelated to the individual plaintiff's claims, and decertification efforts. *Id.* at 702-3. The court reduced two attorney's hours significantly for failing to write off any hours unrelated to plaintiff's individual claims outside of work on a failed summary judgment motion. *Id.* Additionally,

12

the court reduced another attorney's hours for work on the collective action that was not connected to the claims of individual plaintiffs. *Id.* at 703-4. However, the court did not reduce fees for work performed when the case was still a collective action, so long as that work contributed to the victory of individual plaintiffs' claims, including certain work on discovery, research, and depositions. *Id.* at 703.

Here, Plaintiffs wrote off extensive time. However, this Court's review of the timesheets did reveal a few entries that did not contribute to the claims of the individual Plaintiffs. Two entries related to the conditional certification and one related to communications with an opt-in plaintiff, totaling 3.5 hours, did not contribute to the claims of the individual Plaintiffs. (Rec. doc. 289-4 at 5, 10, 15*); see Johnson*, 639 F. Supp. 2d at 704 (reducing hours in part for time spent on conditional certification that did not benefit individual plaintiffs). For these reasons, Plaintiffs' time should be reduced by 3.5 hours, bringing Stiegler's total down from 245.9 to 242.4.

The second set of contested time entries involve the separate matter filed in state court on behalf of Christopher Willridge, a Plaintiff in the instant case. That matter was based on the same facts underlying this action, and thus, shares a common core of facts. Because that action involved the same parties and the same facts, it was time reasonably expended in the instant litigation.

Finally, Defendants appear to contest time expended in relation to Defendant Josh Bruno's bankruptcy proceedings. (Rec. doc. 294 at 6). Any objection to inclusion of these hours is without merit – indeed, it ignores the procedural history of this case, including post-settlement litigation occasioned in part by Bruno's bankruptcy.

13

Even after a settlement was reached in the case, the litigation continued. When Defendants funded some of the Plaintiffs' settlements but failed to fund two of them (Christopher Willridge and Dmitry Feller), those individuals were forced to file a motion to enforce the settlement agreement. (Rec. doc. 276). The defendants responded to that motion by <u>agreeing</u> that a judgment should be entered against them, arguing, in part

> Unfortunately, as counsel for Plaintiffs are well aware, due to circumstances beyond the control of Mr. Bruno, many of his assets and the assets of these related entities, were strongly disrupted by not only Covid, but Hurricane Ida and ultimately the ensuing bankruptcy of the majority of many companies in which he had an interest.

(Rec doc. 281).

Considering that Defendants relied on Bruno's bankruptcy as justification for failing to fund a settlement they had agreed to – and still have not funded today – it would be incongruous to disallow the meager amount of time billed (2.1 hours) in connection with that bankruptcy.

### iii. Clerical Work

Defendants argue that a review of Plaintiffs' timesheets reveals that "much of their time" was spent on clerical and secretarial costs, including reviewing service and summons on Defendants and filing returned summons. "It is well established that 'when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate.'" *Richard v. St. Tammany Par. Sheriff's Dep't,* No. 17-9703, 2022 WL 4534728, at *8 (E.D. La. Sept. 28, 2022); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009). Tasks that are purely clerical in nature include faxing, mailing, filing, and delivering legal documents. *Id.* Furthermore, the service of

summons is an administrative activity, not "legal work." *Prime Ins. Syndicate, Inc. v. Jefferson*, 547 F. Supp. 2d 568, 575 (E.D. La. 2008).

In support of their argument, Defendants cite the first three pages of MW Services' timesheet. However, this Court identified only two time entries that are potentially clerical, totaling 0.4 hours. (Rec. doc. 294) (citing Rec. doc. 289-4 at 1-3). The first page of MW Services' timesheet includes an entry labeled "attn to service of summons on defendants" and another labeled "file returned summons," each amounting to 0.2 hours. (Rec. doc. 289 at 1).

As stated above, filing is purely clerical, so the entry, "file returned summons," should not be charged to Defendants. Similarly, the service of summons is administrative, thus clerical, and should not be charged to Defendants. Notably, these two entries total $150.00, less than one percent of the attorney's fees that Plaintiffs seek to recover. On its own review of the billing sheets, the Court finds no other billing for clerical tasks. There is no widespread billing for clerical tasks. Accordingly, only the 0.4 hours identified are disallowed as clerical, bringing Stiegler's hours down from 240.3 to 239.9. *See Rodney*, 2020 WL 4756490, at *11 (reducing Plaintiffs' total billable hours by 1.3 hours for clerical work performed by plaintiffs' attorney); *see also Prime Ins. Syndicate, Inc.* 547 F. Supp. 2d at 575 (reducing clerical entries from the ultimate amount to be awarded).

### iv. Excessive Billing

Defendants assert that Plaintiffs' time entries, totaling $159,225.00 in fees, amount to excessive billing compared to the degree of success attained, and they note the disproportionality between attorney's fees sought and Plaintiffs' settlement. Plaintiffs maintain that they exercised billing judgment by writing off a total of 200.6 hours related to

15

claims exclusive to opt-in Plaintiffs, clerical work, the motion for conditional certification, smaller tasks of lesser importance, unsuccessful motions, and duplicative work. Additionally, Plaintiffs point to Defendants' earlier opportunities to settle where they instead chose to continue to litigate.

"Counsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Badon*, 2022 WL 18671139 at *4 (citing *Hensley*, 461 U.S. at 434). The "most critical factor" in determining an award of fees is the "degree of success obtained." *Hensley*, 461 U.S. at 436. "While a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Badon*, 2022 WL 18671139 at *6 (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 830 (5th Cir. 2003)). Finally, the Fifth Circuit has emphasized that "there is no per se requirement of proportionality in an award of attorney fees." *Fleming v. Elliott Sec. Sols., LLC,* No. CV 19-2348, 2021 WL 4908875, at *15 (E.D. La. Oct. 21, 2021) (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991)).

As noted previously, Plaintiffs here prevailed. However, they were not entirely successful considering their unsuccessful motions and ultimate decertification of the collective action. *See Johnson*, 639 F. Supp. 2d at 699 (considering plaintiffs' limited success in their aim to certify a collective action and their multiple unsuccessful motions in determining a fee award). In *Badon v. Berry's Reliable Res., L.L.C.*, Plaintiffs won their FLSA jury trial on 20 of the 21 claims asserted, recovered $32,269.60, and sought attorney fees of $241,987.32. 2022 WL 18671139, at *6. In that case, the court found that despite the low damage award in comparison to the fees sought, a reduction of the lodestar was not

warranted. *Id.*[3] Here, Plaintiffs settled for $35,000.00 and seek attorney fees of $159,225.00. The *Badon* plaintiffs had a higher degree of success than Plaintiffs in the instant case, but Plaintiffs in the instant case seek significantly lower fees than the attorneys in *Badon* sought and somewhat less than they were awarded. *Id.* For these reasons, no deduction of fees for excessive billing in proportion to degree of success is warranted.

### 3. The *Johnson* Factors

After calculating the lodestar, the court may make an upward or downward adjustment if warranted by the *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

*See id.* at 717-19. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co.*, 50 F.3d at 324. Additionally, the lodestar should be modified only in exceptional cases. *Fleming*, 2021 WL 4908875, at *1 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Lastly, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis*, 135 F.3d at 1047.

---

[3] The Court did, however, calculate the Lodestar at $181, 062 rather than the $241, 987.32 requested by Plaintiffs. *Id.*

17

Defendants make arguments based on factor eight. However, that factor has been subsumed in the lodestar, as have factors one, three, five, and nine. (Rec. doc. 294 at 9). Factor six, the type of fee, which here is contingent, leans in favor of Plaintiffs, as they have not yet received any reimbursement for years of work. Factor seven is not applicable here. Defendants briefly argue that factors two and four support a reduction of the lodestar. (*Id.*). Defendants' arguments that the issues here were not particularly novel or complex and that this case could not have precluded other employment do not warrant a downward adjustment of the lodestar in light of the presumptive reasonableness of the lodestar. *See Badon*, 2022 WL 18671139, at *6 (finding downward adjustment of the lodestar unnecessary despite plaintiffs' experience in FLSA litigation and the arguable preclusion of other employment). No downward adjustment is merited here.

Accordingly, the distribution of fees is as follows:

| **Name** | **Hours** | **Hourly rate** | **Amount** |
|---|---|---|---|
| Charles J. Stiegler | 242 | $350.00 | $84,700.00 |
| Kenneth C. Bordes | 178.7 | $350.00 | $62,545.00 |
| | | **Total Recommended** | **$147,245.00** |

### III. Costs

The Stiegler Law Firm seeks costs in the amount of $2,832.25, which is comprised of $400.00 in court filing fees, $95.00 in service of process, $64.50 to court reporters for transcripts of court hearings, and $2,272.75 to court reporters for transcripts of the depositions of Joshua Bruno (Defendants' owner and CEO) and Steve Coffman (Defendants' CFO). The Law Offices of Kenneth Bordes seeks costs in the amount of $3,518.11, which is

comprised of $599.50 for court costs and copying, $225.97 for service, and $2,732.64 in transcript costs. Defendants do not challenge any of the requested costs.

The applicable law is that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). 28 U.S.C.A. § 1920 provides a list of fees that a judge may tax as costs, including: "fees for … transcripts necessarily obtained for use in the case" and "fees for … costs of making copies of any materials where the copies are necessarily obtained for use in the case." Furthermore, filing fees and fees for service of process are generally recoverable. *Shaw*, 2024 WL 1556861 at, *6. The Court will therefore award all costs sought for a total of $6,350.36 in costs.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Attorneys' Fees (rec. doc. 289) be **GRANTED IN PART** and Plaintiffs be awarded a total of $153,595.36 ($147,245.00 + $6,350.36) in attorneys' fees and costs.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  12th   day of _____November_____, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**